1  MORGAN, LEWIS & BOCKIUS LLP
2  Joseph Duffy, Bar No. 241854
   joseph.duffy@morganlewis.com
   Esther K. Ro, Bar No. 252203
3  esther.ro@morganlewis.com
   300 South Grand Avenue
4  Twenty-Second Floor
   Los Angeles, CA  90071-3132
5  Tel:    +1.213.612.2500
   Fax:    +1.213.612.2501
6
   Attorneys for Defendants
7  THE GAP, INC.; GAP (APPAREL) LLC; GAP
   INTERNATIONAL SALES, INC.; BANANA
8  REPUBLIC, LLC; and BANANA REPUBLIC
   (APPAREL) LLC
9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13  MICHAEL PALLAGROSI, on behalf of          Case No. 4:17-cv-05905-HSG
    himself and all others similarly situated,
14                                             **MEMORANDUM OF POINTS AND**
                         Plaintiffs,           **AUTHORITIES IN SUPPORT OF**
15                                             **DEFENDANTS THE GAP, INC., GAP**
                    vs.                        **(APPAREL) LLC, GAP**
16                                             **INTERNATIONAL SALES, INC.,**
    THE GAP, INC.; GAP (APPAREL) LLC;          **BANANA REPUBLIC LLC, AND**
17  GAP INTERNATIONAL SALES, INC.;             **BANANA REPUBLIC (APPAREL)**
    BANANA REPUBLIC, LLC; and BANANA           **LLC'S MOTION TO DISMISS**
18  REPUBLIC (APPAREL) LLC,                    **PLAINTIFF'S CLASS ACTION**
                                               **COMPLAINT**
19                       Defendants.
                                               [Notice of Motion and Motion to Dismiss
20                                             filed concurrently herewith]

21                                             [[Proposed] Order lodged concurrently
                                               herewith]
22
                                               Date:     March 1, 2018
23                                             Time:     2:00 p.m.

24
                                               Judge:   Hon. Haywood S. Gilliam, Jr.
25                                             Ctrm.:   2 – 4th Floor

26                                             Complaint Filed:   October 13, 2017

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

1

## TABLE OF CONTENTS

2                                                                                                                          **Page**

3    I.      INTRODUCTION ........................................................................................ 1

4    II.     RELEVANT BACKGROUND .................................................................... 3

5            A.    The Parties.................................................................................... 3

6            B.    Summary of Plaintiff's Allegations ............................................. 3

7    III.    LEGAL STANDARD ................................................................................ 4

8    IV.     ARGUMENT ............................................................................................. 5

9            A.    Plaintiff's CLRA Claim Should Be Dismissed ............................ 5

10                 1.    The CLRA does not apply to Plaintiff, a New Jersey resident who made his purchases outside of California.................... 5

11

12                 2.    California's choice of law analysis dictates that New Jersey and/or Florida law should apply to Plaintiff's claims ............................................ 7

13                       a.    California, New Jersey, and Florida consumer protection laws are different in material ways .................................................. 8

14

15                       b.    New Jersey and Florida, where Plaintiff's transactions took place, have an interest in applying their own consumer protection laws ........................................................ 10

16

17                       c.    New Jersey and Florida law would be the most impaired if its consumer protection laws were subordinated to California law .............................................................. 10

18

19           B.    Plaintiff Fails To State A Claim Under The TCCWNA ............... 12

20                 1.    The TCCWNA protects against the inclusion of legally invalid or unenforceable provisions in consumer contracts, nothing more .............. 12

21                 2.    The TCCWNA does not apply and Plaintiff's assertion of a TCCWNA claim contravenes the purpose and legislative history of the statute ...................................................... 13

22

23                       a.    Dugan v ................................................................. 13

24                       b.    Cannon v ............................................................... 14

25                       c.    Dugan and Cannon are directly on point and support dismissal of Plaintiff's TCCWNA claim ...................................... 15

26

27           C.    Plaintiff's FDUTPA Claim Should Be Dismissed ........................ 16

28    V.      CONCLUSION ......................................................................................... 17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

STIPULATION TO EXTEND TIME TO
ANSWER COMPLAINT 3:17-CV-05905

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3 **CASES**

4 *Abogados v. AT & T, Inc.*,
5   223 F.3d 932 (9th Cir. 2000)...................................................................................15

6 *Ackerman v. Nw. Mut. Life Ins. Co.*,
   172 F.3d 467 (7th Cir. 1969).....................................................................................9

7
8 *Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................8

9 *Astiana v. Kashi Co.*,
10   291 F.R.D. 493 (S.D. Cal. 2013).............................................................................16

11 *Belcastro v. Burberry Ltd.*,
   No. 16-CV-1080 (VEC), 2017 WL 744596 (S.D.N.Y. Feb. 23, 2017) .........................5, 20, 21

12
13 *Bell Atlantic Corp. v. Twombly*,
   550 U.S. 554 (2007)..................................................................................................8

14 *Cannon v. Ashburn Corp.*,
15   No. 16-1452, 2016 WL 7130913 (D.N.J. Dec. 7, 2016)...............................17, 18, 19

16 *Cannon v. Wells Fargo Bank, N.A.*,
   917 F. Supp. 2d 1025 (N.D. Cal. 2013) ...............................................10, 18, 19

17
18 *City First Mortg. Corp. v. Barton*,
   988 So. 2d 82 (Fla. 4th DCA 2008) ...............................................6, 9, 11, 21

19 *Cohen v. DIRECTV, Inc.*,
20   178 Cal. App. 4th 966 (2009).................................................................................12

21 *Dabush v. Mercedes–Benz USA, Inc.*,
   874 A.2d 1110 (App.2005).....................................................................................12

22
23 *Davis v. Powertel, Inc.*,
   776 So.2d 971 (Fla. 1st DCA 2000)........................................................................12

24 *Diamond Multimedia Systems, Inc. v. Superior Court*,
   19 Cal. 4th 1036 (1999) ...........................................................................................9

25
26 *Dugan v. TGI Friday's, Inc.*,
   No. L-0126-10, 2011 N.J. Super. Unpub. LEXIS 2649, 2011 WL 5041391
27   (N.J. Super. Ct. App. Div. Oct. 25, 2011).........................................................17, 19

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DB2/ 32330435.3

*Dugan v. TGI Friday's, Inc.*,
    Nos. A-92, A-93, 077567, 077556, 2017 N.J. LEXIS 975 (Oct. 4, 2017)...............................17

*Frenzel v. Aliphcom*,
    76 F. Supp. 3d 999, 1008 (N.D. Cal. 2014) ....................................................................11, 15

*Frezza v. Google Inc.*,
    No. 12-cv-00237-RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22, 2013)...............................11

*Granfield v. NVIDIA Corp.*,
    No. 11-cv-05403-JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012)....................................11

*Guerrero v. Target Corp.*,
    889 F. Supp. 2d 1348 (S.D. Fla. 2012) .................................................................................20

*Gustafson v. BAC Home Loans Servicing, LP*,
    No. SACV 11-915-JST, 2012 WL 4761733 (C.D. Cal. Apr. 12, 2012) ..................................10

*Hernandez v. Burger*,
    102 Cal. App. 3d 795 (1980).................................................................................................15

*In re GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994)..................................................................................................8

*In Re Stac Elecs. Sec. Litig.*,
    89 F.3d 1399 (9th Cir. 1996)..................................................................................................8

*Irvine v. Kate Spade & Co.*,
    No. 16-CV-7300 (JMF), 2017 U.S. Dist. LEXIS 164165 (S.D.N.Y. Sep. 28,
    2017) .......................................................................................................................................21

*Littlehale v. Hain Celestial Grp., Inc.*,
    No. 11-cv-06342-PJH, 2012 WL 5458400 (N.D. Cal. July 2, 2012)....................................12

*Marolda v. Symantec Corp.*,
    672 F. Supp. 2d 992 (N.D. Cal. 2009) ..................................................................................12

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012)......................................................................................... passim

*McCann v. Foster Wheeler LLC*,
    48 Cal. 4th 68 (2010) .....................................................................................................11, 14

*McGarvey v. Penske Auto Grp., Inc.*,
    486 F. App'x 276 (3d Cir. 2012)...........................................................................................18

*McKinnon v. Dollar Thrifty Auto. Grp., Inc.*,
    No. 12-4457-SC, 2013 WL 791457 (N.D. Cal. Mar. 4, 2013) ...................................................9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

DB2/ 32330435.3

*North American Clearing, Inc. v. Brokerage Computer Systems, Inc.*,
   666 F. Supp. 2d 1299 (M.D. Fla. 2009) ................................................................12

*Rollins, Inc. v. Butland*,
   951 So. 2d 860 (Fla. Dist. Ct. App. 2006) ...........................................................20

*Shelton v. Restaurant.com*,
   70 A.3d 544 (2013) ..............................................................................................16

*Smajlaj v. Campbell Soup Co.*,
   782 F. Supp. 2d 84 (D.N.J. 2011) ..........................................................................9

*Sperling v. DSW, Inc.*,
   No. EDCV 15-1366-JGB, 2016 WL 354319 (C.D. Cal. Jan. 28, 2016) ..................5

*State Farm Mut. Auto Ins. Co. v. Campbell*,
   538 U.S. 408 (2003) ............................................................................................14

*Sullivan v. Oracle Corp.*,
   51 Cal. 4th 1191 (2011) .........................................................................................9

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ...............................................................................9

*Warner v. Tinder Inc.*,
   105 F. Supp. 3d 1083 (C.D. Cal. 2015) ................................................................10

*Watkins v. DineEquity, Inc.*,
   591 F. App'x 132 (3d Cir. 2014) ...........................................................................16

*Yastrab v. Apple Inc.*,
   No. 5:14-CV-01974-EJD, 2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) ..............9

*Zinn v. Ex–Cell–O Corp.*,
   148 Cal. App. 2d 56 (1957) ..................................................................................15

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180, amended 273 F.3d 1266 (9th Cir. 2009) .....................................14

**STATUTES**

Cal. Bus. & Prof. Code § 17501 ..................................................................................13

Cal. Civ. Code § 1780(a)(1)-(5) ..................................................................................13

Cal. Civ. Code § 1782(a) .............................................................................................13

Cal. Civ. Code § 1783 ..................................................................................................13

California Consumer Legal Remedies Act ..............................................................passim

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

DB2/ 32330435.3

Fla. Stat. Ann. § 95.11(3)(f) ........................................................................... 13

Fla. Stat. Ann. § 501.201 ........................................................................... 13, 20

Florida Deceptive and Unfair Trade Practices Act ...................................... passim

N.J.A.C. § 13:45A-9.1 .................................................................................... 13

N.J. Stat. Ann. § 2A-14-1 .............................................................................. 13

N.J. Stat. Ann. § 56:8-2 ................................................................................. 12

N.J. Stat. Ann. § 56:8-2.5 .............................................................................. 17

N.J. Stat. Ann. § 56:8-19 ............................................................................... 13

N.J. Stat. Ann. § 56:12-15 ........................................................................ 16, 17

N.J. Stat. Ann. § 58:8 .................................................................................... 13

New Jersey Consumer Fraud Act ......................................................... 6, 8, 17, 19

New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ............... passim

**RULES**

Fed. R. Civ. P. 9(b) .................................................................................... 5, 8

Fed. R. Civ. P. 12(b)(6) .................................................................................... 5

Fed. R. Civ. P. 12(f) ...................................................................................... 16

**OTHER AUTHORITIES**

John Hart Ely, Choice of Law and the State's Interest in Protecting its Own, 23
    Wm. & Mary L. Rev. 173 (1981) ............................................................. 15

Statement, Bill No. A1660, 1981 N.J. Laws, Chapter 454, Assembly No. 1660 ............. 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

v

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

1    Defendants The Gap, Inc., Gap (Apparel) LLC, Gap International Sales, Inc., Banana

2    Republic, LLC, and Banana Republic (Apparel) LLC ("Gap") respectfully submits this

3    memorandum of law in support of its Motion to Dismiss Plaintiff's Class Action Complaint

4    pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b).

5    **I.    <u>INTRODUCTION</u>**

6           Plaintiff Michael Pallagrosi's lawsuit is part of a recent wave of class action complaints

7    that have been filed against various retailers for purportedly misleading pricing techniques used at

8    their "outlet" stores.  Courts have dismissed complaints, much like the one proposed by Plaintiff,

9    which contain only unsupported, generic, and conclusory allegations in contravention of Rule

10   9(b)'s heightened pleading requirements and that fail to plausibly plead any cognizable injury

11   caused by the allegedly wrongful practice.  *See, e.g.*, *Belcastro v. Burberry Ltd.*, No. 16-CV-1080

12   (VEC), 2017 WL 744596 (S.D.N.Y. Feb. 23, 2017) (dismissing complaint because "any injury

13   based solely on allegations that the plaintiff subjectively believed that he was getting a better

14   bargain than turned out to be true" was insufficient under Florida consumer protection law),

15   dismissed with prejudice at 2017 WL 5991782 (S.D.N.Y. Dec. 1, 2017); *see also Sperling v.*

16   *DSW, Inc.*, No. EDCV 15-1366-JGB (SPx), 2016 WL 354319 (C.D. Cal. Jan. 28, 2016) (granting

17   motion to dismiss the plaintiff's consumer protection claims based on "Compare at" language

18   because the plaintiff's conclusory allegations failed to comply with Rule 9(b)).

19          Plaintiff complains in conclusory fashion that Gap advertises false discounts and that Gap

20   does not in fact sell the products at the ticketed price, but nowhere in the Complaint are there any

21   specific facts supporting Plaintiff's bare assertion.  Indeed, Plaintiff does not plead a single fact

22   establishing that the same or similar goods were not sold at the ticketed price.  Instead, Plaintiff

23   relies on a variety of articles about general issues with reference pricing in the retail industry.  In

24   addition, Plaintiff does not plead any facts substantiating that the products he purchased were

25   worth less than what he paid or that he was dissatisfied with the quality of them.  Simply put,

26   Plaintiff inspected the items he wished to purchase, had the ability to comparison shop similar

27   goods at other retailers, decided he wanted to purchase them at Gap, received the percentage off

28   advertised when he checked out, knew the total amount he owed for his items, voluntarily chose

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

DB2/ 32330435.3

to pay that amount, and is satisfied with the quality of the items he bought.  He does not allege otherwise.

In addition to these fundamental problems with Plaintiff's Complaint, there are specific and dispositive flaws with Plaintiff's California Consumer Legal Remedies Act ("CLRA"), New Jersey Truth-in-Consumer Contract and Warranty Act ("TCCWNA"), and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") causes of action, brought both in his individual capacity and on a class-wide basis.[1]

*First*, Plaintiff's CLRA claim should be dismissed because the CLRA does not apply extraterritorially.  Plaintiff is a New Jersey resident who made his purchases at Banana Republic factory stores located in New Jersey and Florida.  Plaintiff alleges only conclusory allegations as to why California law should apply to himself and a nationwide class.  Plaintiff's generic allegations that the allegedly wrongful pricing decisions were made in California are not enough.  Moreover, even if the CLRA could be applied extraterritorially in this case, California's choice of law analysis dictates that Plaintiff's claims should be governed by New Jersey and/or Florida law, not California law.

*Second,* Plaintiff's TCCWNA claim should be dismissed because the TCCWNA does not apply to the circumstances alleged by Plaintiff.  Two recent decisions by the New Jersey Supreme Court and the United States District Court, District of New Jersey confirm that the TCCWNA regulates the actual terms and provisions included in consumer contracts, rather than the conduct of parties, which is already governed by other laws, such as the New Jersey Consumer Fraud Act ("NJCFA").  Indeed, Plaintiff also alleges an NJCFA claim for the same allegedly wrongful conduct that underlies his TCCWNA claim.  These cases highlight the efforts by New Jersey courts to reign in the abusive and unprecedented attempts to use the TCCWNA to attach massive civil liability to common business practices in ways not contemplated by the New Jersey Legislature—precisely what Plaintiff is trying to do here.

*Third*, Plaintiff's FDUTPA claim should be dismissed because he fails to plausibly plead

---

[1] Gap denies any liability to Plaintiff for his New Jersey Consumer Fraud Act ("NJCFA") claim.  At the appropriate time, Gap will demonstrate that Plaintiff's NJCFA claim has no merit.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

2

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

an "actual injury," as required by the statute.  Plaintiff's allegation that he did not receive the bargain he believed he was getting, or that he would not have purchased the items at all, is insufficient as a matter of law because Florida law does not recognize as a cognizable injury a consumer's subjective disappointment at not receiving a promised bargain.  Thus, Plaintiff's FDUTPA claim should be dismissed.

Accordingly, because Plaintiff cannot pursue a claim under the CLRA, the TCCWNA, or the FDUTPA, his individual and class claims under these consumer protection statutes should be dismissed.

## II.   RELEVANT BACKGROUND

### A.   The Parties

Plaintiff is a New Jersey resident, who purchased items from Banana Republic factory stores located in New Jersey and Florida.  Compl. ¶ 10.  Plaintiff does not allege that he purchased any items from a Gap factory store.

Defendants The Gap, Inc., Gap International Sales, Inc., and Banana Republic, LLC are companies existing under the laws of Delaware and headquartered in California.  *Id*. at ¶¶ 11, 13, 14.  Defendants Gap (Apparel) LLC and Banana Republic (Apparel) LLC are companies existing under the laws of California and headquartered in California.  *Id.* at ¶¶ 12, 15.

### B.   Summary of Plaintiff's Allegations

Plaintiff alleges that Gap has a "uniform policy of creating and listing an arbitrary 'fake' base price on the price tag" of items sold at is factory stores.  *Id.* at ¶ 3.  Plaintiff further alleges that Gap has signs in its stores – *e.g.*, "50% OFF" – but that the discounted price Gap charges the customer is not an actual discount price, but rather the price at which Gap regularly sells the item.  *Id.* at ¶ 4.  After the transaction is completed, the receipt provided to a customer states "You Saved __" and/or "Total Discount __."  *Id.* at ¶ 5.  Plaintiff claims that "the purported 'savings' claimed on such receipts are entirely illusory."  *Id.*

Plaintiff alleges that between 2011 and the present, he made purchases at Banana Republic factory stores in New Jersey and Florida.  *Id.* at ¶ 61.  On October 13, 2014, he purchased items from a store in Florida, three pairs of socks and a pair of pants.  *Id.* at ¶ 62, 66.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

3

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

1    Plaintiff alleges the items had a "purported former price," though there were no words to that

2    effect on the price tag and each price tag stated only one price. *Id.* at ¶ 63, 67.  Next to the items

3    Plaintiff purchased was a sign stating "50% OFF." *Id.* at ¶ 64, 68.  Plaintiff claims he believed he

4    was receiving items "worth" the ticketed price, and bought them on that basis. *Id.* at ¶ 65, 69.

5    His receipt stated "Item Discount 50%" and "You Saved 79.24," which he claims was "entirely

6    false because he did not "receive either the promised discount or the promised savings." *Id.* at ¶

7    76.  Plaintiff alleges a similar experience in a New Jersey Banana Republic factory store. *Id.* at ¶

8    78-80.  Plaintiff claims he was damaged because he did not receive the bargain he expected,

9    overpaid for the items, or, otherwise, would not have purchased them. *Id.* at ¶¶ 169, 198.

10        Based on these allegations, Plaintiff proposes a nationwide class under the California

11   Consumer Legal Remedies Act ("CLRA"), a New Jersey subclass under the New Jersey

12   Consumer Fraud Act ("NJCFA") and the New Jersey Truth-in-Consumer Contract, Warranty and

13   Notice Act ("TCCWNA"), and Florida subclass under the Florida Deceptive and Unfair Trade

14   Practices Act ("FDUTPA").

15   **III.    LEGAL STANDARD**

16        "Determining whether a complaint states a plausible claim for relief will . . . be a context-

17   specific task that requires the reviewing court to draw on its judicial experience and common

18   sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are

19   'merely consistent with a defendant's liability, it stops short of the line between possibility and

20   plausibility of entitlement to relief.'" *Id.* at 678 (citations omitted); *see also Bell Atlantic Corp. v.*

21   *Twombly*, 550 U.S. 554, 567 (2007).

22        Additionally, Plaintiff's Complaint sounds in fraud and is subject to the heightened

23   pleading standard set forth in Rule 9(b) under both California and New Jersey law.  Rule 9(b)

24   prohibits a plaintiff "from unilaterally imposing upon the court, the parties and society enormous

25   social and economic costs absent some factual basis." *In Re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,

26   1405 (9th Cir. 1996).  Rule 9(b) requires a plaintiff to "set forth what is false or misleading about

27   a statement, and why it is false" (*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 – 48 (9th Cir.

28   1994)), and at a minimum, allege the "who, what, when, where, and how" of the misconduct

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

4

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

1  charged.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 – 1007 (9th Cir. 2003); *accord*

2  *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 98 (D.N.J. 2011).  Only by stating the specific

3  facts supporting how a defendant acted fraudulently, "can the court be satisfied that [a] [p]laintiff

4  has met his burden 'to conduct a precomplaint investigation in sufficient depth to assure that the

5  charge of fraud is responsible and supported, rather than defamatory and extortionate.'" *Yastrab*

6  *v. Apple Inc.*, No. 5:14-CV-01974-EJD, 2015 WL 1307163, at *4 (N.D. Cal. Mar. 23, 2015),

7  quoting *Ackerman v. Nw. Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1969).

8  **IV.     ARGUMENT**

9      **A.     Plaintiff's CLRA Claim Should Be Dismissed.**

10        Plaintiff's CLRA claim should be dismissed for two reasons.  *First*, the CLRA does not

11  apply extraterritorially to Plaintiff because he is a New Jersey resident, who made his purchases

12  in Banana Republic factory stores located in New Jersey and Florida.  *Second*, even if the CLRA

13  applies to Plaintiff, California's choice of law analysis requires that his claims be pursued under

14  New Jersey and/or Florida law.  Perhaps for this reason, Plaintiff asserts claims under both of

15  these state laws in his complaint.

16        **1.     The CLRA does not apply to Plaintiff, a New Jersey resident who**

17                 **made his purchases outside of California.**

18        The California Supreme Court has determined that there is a strong presumption against

19  the extraterritorial application of California law.  *See Sullivan v. Oracle Corp.,* 51 Cal. 4th 1191,

20  1207 (2011) ("However far the Legislature's power may theoretically extend, we presume the

21  Legislature did not intend a statute to be 'operative, with respect to occurrences outside the state[]

22  . . . unless such intention is clearly expressed or reasonably to be inferred from the language of

23  the act or from its purpose, subject matter or history'"), quoting *Diamond Multimedia Systems,*

24  *Inc. v. Superior Court*, 19 Cal. 4th 1036, 1059 (1999).  Courts routinely have found that

25  California's consumer protection statutes do not apply to actions occurring outside of California

26  that injure non-residents.  *See McKinnon v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-4457-SC,

27  2013 WL 791457, *5-6 (N.D. Cal. Mar. 4, 2013) (UCL and CLRA did not apply to Oklahoma

28  resident, even though her online reservation was made from California, her harms arose in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

5

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

Oklahoma, where she was allegedly tricked into purchasing unwanted add-ons).

Here, Plaintiff, who alleges no purchases in California, tries to avoid this outcome by merely asserting that the "policies and procedures," "instructions and orders needed to carry out the nationwide scheme," and "fake base prices and false percentage-off discounts" were determined by Gap at its headquarters in California.  Compl. ¶ 115.  Plaintiff also alleges, without any basis, that the factory stores have "no discretion in implementing" the allegedly deceptive pricing policy.  *Id.*  These conclusory allegations are insufficient to support extraterritorial application of the CLRA to Plaintiff or the proposed nationwide class.

The law is clear that Plaintiff's conclusory allegations, without any supporting facts, fail to plausibly allege that California law should apply to his claims.  *See Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1097 (C.D. Cal. 2015) (UCL and FAL inapplicable to Florida resident because plaintiff failed "to plead facts demonstrating" that California-based defendant's advertising emanated from California); *Cannon v. Wells Fargo Bank, N.A.*, 917 F. Supp. 2d 1025, 1056 (N.D. Cal. 2013) (UCL inapplicable to Florida resident because even though defendant was California-based, plaintiff failed to "*plausibl[y]*" allege that the decisions at issue were made in California); *Gustafson v. BAC Home Loans Servicing, LP*, No. SACV 11-915-JST (ANx), 2012 WL 4761733 at *5-6 (C.D. Cal. Apr. 12, 2012) (UCL inapplicable to Illinois resident because the conclusory assertion that "Defendants' scheme was devised, implemented and directed from BAC Home Loans Servicing's and Balboa's offices in California" was "too vague to 'plausibly suggest an entitlement to relief' under the UCL").

Plaintiff alleges he saw signs that were "50% OFF" or "30% OFF" in stores in Florida and New Jersey.  The most reasonable inferences then are that Gap store employees in Florida and New Jersey put up the signs; put the clothes, with their price tags, on the racks; and rang up Plaintiff's purchases and applied the advertised discount.  It is in Florida and New Jersey where the alleged deception occurred and Plaintiff was purportedly harmed.

Accordingly, the CLRA does not apply to Plaintiff and his individual and class CLRA claims should be dismissed.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

6

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

**2.      California's choice of law analysis dictates that New Jersey and/or Florida law should apply to Plaintiff's claims.**

Even if, *arguendo,* Plaintiff has plausibly pleaded the extraterritorial application of the CLRA, Plaintiff's CLRA claim still fails because under California's choice of analysis, a New Jersey resident who made his purchases in New Jersey and Florida, is not entitled to any relief under California law.  California federal courts sitting in diversity apply the governmental interest test to determine the controlling substantive law of a plaintiff's claim.  *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012).  This test requires a three-step analysis:

- *First*, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different.

- *Second*, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists.

- *Third*, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied.

*See McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87-88 (2010).

Courts more often will conduct a choice of law analysis and dismiss California consumer protection claims at the pleading stage when, like here, the named plaintiff is a non-California resident who made his purchase in another state.  *See Frenzel v. Aliphcom*, 76 F. Supp. 3d 999, 1008 (N.D. Cal. 2014) (granting motion to dismiss non-California plaintiff's individual and class CLRA and UCL claims following choice of law analysis at the pleading stage)*; accord Frezza v. Google Inc.*, No. 12-cv-00237-RMW, 2013 WL 1736788, at *1-2 (N.D. Cal. Apr. 22, 2013) (applying *Mazza* and granting Google's motion to dismiss UCL claim brought by a North Carolina resident, who alleged she was deceived by misrepresentations made on the Internet by Google); *accord Granfield v. NVIDIA Corp.*, No. 11-cv-05403-JW, 2012 WL 2847575, at *3

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 32330435.3

7

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

(N.D. Cal. July 11, 2012) (applying *Mazza* and granting, without leave to amend, California-based defendant's motion to dismiss UCL and CLRA claims brought by a Massachusetts resident who made her purchase in Massachusetts); *accord Littlehale v. Hain Celestial Grp., Inc.*, No. 11-cv-06342-PJH, 2012 WL 5458400, at *2 (N.D. Cal. July 2, 2012) (applying *Mazza* and dismissing with prejudice Pennsylvania resident's claims under the UCL and CLRA).

Applying the controlling principles in *Mazza,* there is no doubt that Plaintiff's individual and class-wide CLRA claims should be dismissed.

### a.   California, New Jersey, and Florida consumer protection laws are different in material ways.

The Ninth Circuit has found that requirements relating to scienter and reliance, and available remedies, are material differences among state consumer protection laws that create a conflict of law.  *See Mazza,* 666 F.3d at 591.  California, Florida, and New Jersey laws conflict as to these material elements, as well as others, creating an actual conflict of law.

- Scienter: California and Florida laws do not have a scienter requirement, whereas New Jersey law requires knowledge and intent for omission-based liability.  *Compare Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1003 (N.D. Cal. 2009) (indicating that neither knowledge or intent are required elements of a CLRA claim) and *North American Clearing, Inc. v. Brokerage Computer Systems, Inc.*, 666 F. Supp. 2d 1299, 1310 (M.D. Fla. 2009) (asserting that a deceptive act or unfair practice, causation, and actual damages are the three elements of a FDUTPA claim) with N.J. Stat. Ann. § 56:8–2.

- Reliance: California law requires named plaintiffs to demonstrate actual reliance, while New Jersey and Florida consumer protection statutes do not.  *Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 980 (2009) (requiring actual reliance in order to award damages under the CLRA) with *Davis v. Powertel, Inc.,* 776 So.2d 971, 974 (Fla. 1st DCA 2000) (actual reliance not required under Florida law) and *Dabush v. Mercedes–Benz USA, Inc.*, 874 A.2d 1110, 1121 (App.2005) ("[T]raditional reliance required in a fraud case need not be proven in order to recover damages under the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

8

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

[NJ]CFA").

- Available remedies: Under California law, a plaintiff can recover actual damages, an injunction, restitution, punitive damages and "any other relief that the court deems proper." Cal. Civ. Code § 1780(a)(1)-(5). The remedies permitted by New Jersey and Florida vary and may be compulsory upon establishing liability. *See* N.J. Stat. Ann. § 56:8–19 (no punitive damages, but treble damages and attorney's fees are mandatory once a violation has been established); Fla. Stat. Ann. § 501.201 ("actual damages" plus attorneys' fees and costs available; special and consequential damages are not).

- Pre-suit notice: California requires pre-suit notice, whereas New Jersey law does not. *Compare* Cal. Civ. Code § 1782(a) (requiring 30-day notice for CLRA claims, with opportunity to cure) with N.J. Stat. Ann. §58:8 *et seq.* (no notice requirement).

- Statutes of limitation: California law, Florida law, and New Jersey law have three, four, and six year statutes of limitation, respectively. *See* Cal. Civ. Code § 1783; Fla. Stat. Ann. § 95.11(3)(f); N.J. Stat. Ann. § 2A-14-1.

- Former price statutes: California and New Jersey each have their own former price statutes. *See* Cal. Bus. & Prof. Code § 17501 and N.J.A.C. § 13:45A-9.1. Under California law, no price shall be advertised as a former price, unless the alleged former price was the "prevailing market price" for 90 days preceding the discounted price offer. In contrast, under New Jersey law, there are different rules of merchandise under and over $100.00, and there must have been "a substantial number of sales" at the former price within 60 days prior to offering the merchandise at a discounted price or the advertised merchandise must have been actively and openly offered for sale at the former price for at least 28 of the most recent 90 days. In addition, Florida has not adopted any particular former price statute and so any claims arising in that state must be handled by the FDUTPA, which does not set forth specific temporal limitations and therefore differs from the rules in California and New Jersey.

The foregoing differences confirm an actual conflict of law among California, Florida, and New Jersey laws. *See Mazza,* 666 F.3d at 591.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

9

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

1

2

3

   **b.**  **New Jersey and Florida, where Plaintiff's transactions took place, have an interest in applying their own consumer protection laws.**

4    It is a principle of federalism that "each State may make its own reasoned judgment about

5 what conduct is permitted or proscribed within its borders." *State Farm Mut. Auto Ins. Co. v.*

6 *Campbell*, 538 U.S. 408, 422 (2003). "[E]very state has an interest in having its law applied to its

7 resident claimants." *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1187, amended 273

8 F.3d 1266 (9th Cir. 2009) (en banc)). California law acknowledges that "a jurisdiction ordinarily

9 has 'the predominant interest' in regulating conduct that occurs within its borders . . . ." *McCann*,

10 48 Cal. 4th at 97 (citations omitted). In a class action lawsuit alleging violations of consumer

11 protection laws, "each class member's consumer protection claim should be governed by the

12 consumer protection laws of the jurisdiction in which the transaction took place." *Mazza,* 666

13 F.3d at 594. Moreover, "if California law were applied to the entire class, foreign states would be

14 impaired in their ability to calibrate liability to foster commerce." *Id*. at 593; *accord Zinser,* 253

15 F.3d at 1187.

16    New Jersey and Florida have an interest in being able to delineate the appropriate standard

17 of liability and the scope of recovery based on its determination of the appropriate balance

18 between the interests of individuals and corporate entities operating within their territories. The

19 material differences in the consumer protection laws in California, Florida, and New Jersey

20 illustrate the choices that each state legislature has determined is the appropriate balance between

21 protecting consumers and imposing liability on businesses operating within its borders.

22 Accordingly, both New Jersey and Florida have an interest in enforcing their own consumer

23 protection regimes as to transactions consummated within their states.

24    **c.**  **New Jersey and Florida law would be the most impaired if its consumer protection laws were subordinated to California law.**

25

26    Both New Jersey and Florida consumer protection laws would be impaired if subordinated

27 to California because they are the "place of wrong" where the last event took place, *i.e.,*

28 Plaintiff's purchase following his alleged viewing and reliance on the advertised discounts, giving

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

10

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

1    rise to liability.  *See Mazza,* 666 F.3d at 593, citing *Zinn v. Ex–Cell–O Corp.,* 148 Cal. App. 2d

2    56, 80 n. 6 (1957) (concluding in a fraud case that the place of the wrong was the state where the

3    misrepresentations were communicated to the plaintiffs, not the state where the intention to

4    misrepresent was formed or where the misrepresented acts took place).  "[T]the place of the

5    wrong" has the predominant interest in regulating the conduct at issue.  *Hernandez v. Burger,* 102

6    Cal. App. 3d 795, 801–02 (1980), *cited with approval by Abogados v. AT & T, Inc.,* 223 F.3d 932,

7    935 (9th Cir. 2000).

8              As in *Mazza,* the last events necessary for liability – the communication of the

9    advertisements to Plaintiff, his purported reliance on these statements, and subsequent purchase –

10   took place in New Jersey and Florida, not in California.  Hence, New Jersey and Florida have a

11   stronger interest in applying its laws to transactions at issue.

12             Moreover, New Jersey has an even greater interest than Florida, and certainly more than

13   California, given that Plaintiff is a New Jersey resident.  States have an interest in protecting their

14   own residents.  *See* John Hart Ely, Choice of Law and the State's Interest in Protecting its Own,

15   23 Wm. & Mary L. Rev. 173 (1981).  Further, as explained earlier, the New Jersey Legislature

16   has determined and formulated a former price statute, which has different requirements from

17   California's former price statute, and reflects the balance of requirements and liability as seen fit

18   by the New Jersey Legislature.  *See, supra*, pp. 9-10.  Indeed, Plaintiff invokes New Jersey's

19   former price statute in its complaint.  *See* Compl. ¶¶ 37-38.  Thus, New Jersey has a greater

20   interest than California in enforcing its former price statute to transactions arising within its

21   borders.

22             "Conversely, California's interest in applying its law to residents of foreign states is

23   attenuated."  *Mazza,* 666 F.3d at 594.  Applying California's choice-of-law rules to the facts of

24   this case, Plaintiff's consumer protection claims should be governed by New Jersey and Florida

25   consumer protection laws.  Accordingly, Plaintiff's individual and class CLRA claims should be

26   dismissed.  *See, e.g., Frenzel*, 76 F. Supp. 3d at 1008 (dismissing both individual and class claims

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

11

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

1    because California consumer protection laws did not apply to named plaintiff).[2]

2        **B.**     **Plaintiff Fails To State A Claim Under The TCCWNA**

3        Plaintiff's TCCWNA claim is predicated on his allegation that Gap has "presented written

4    consumer notices, signs and warranties [*i.e.,* signs, price tags, and written receipts] to Plaintiff

5    and the New Jersey subclass members which contained provisions that violated their clearly

6    established legal rights under state law and federal regulations, within the meaning of N.J.S.A. §

7    56:12-15."  Compl. ¶ 178.  Plaintiff's claim fails. The TCCWNA does not apply to the

8    circumstances alleged by Plaintiff.  As the New Jersey Supreme Court recently explained, the

9    objective of TCCWNA is to deter sellers from including legally invalid or unenforceable

10   provisions in consumer contracts, not to impose massive civil penalties on common business

11   practices.  Gap's alleged misrepresentations and omissions are neither invalid nor unenforceable

12   provisions in a consumer contract.  Accordingly, Plaintiff's TCCWNA claim should be

13   dismissed.

14                 **1.    The TCCWNA protects against the inclusion of legally invalid or**

15                       **unenforceable provisions in consumer contracts, nothing more.**

16       To state a claim under the TCCWNA, a plaintiff must allege each of four elements: (1) the

17   plaintiff is a consumer; (2) the defendant is a seller; (3) the seller offers a consumer a contract or

18   gives or displays any written notice, or sign; and (4) the contract, notice or sign includes a

19   provision that violates a clearly established legal right of a consumer or responsibility of a seller.

20   *See Watkins v. DineEquity, Inc.*, 591 F. App'x 132, 135 (3d Cir. 2014) (internal citation omitted).

21   The "TCCWNA creates liability whenever a seller presents a consumer with a covered writing

22   that 'contains terms contrary to any established state of federal right of the consumer.'"  *Id.,* citing

23   *Shelton v. Restaurant.com*, 70 A.3d 544, 558 (2013).  The TCCWNA does not independently

24   establish consumer rights or seller responsibilities; instead, the rights and responsibilities to be

25   enforced by the TCCWNA are drawn from other legislation.  *See Watkins*, 591 F. App'x at 134.

26

27   [2] Alternatively, pursuant to Rule 12(f), Gap requests this Court strike Plaintiff's class allegations
     relating to any cause of action he is unable to properly plead on an individual basis.  *See Astiana*
28   *v. Kashi Co.*, 291 F.R.D. 493, 509-511 (S.D. Cal. 2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

12

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

1

2. **The TCCWNA does not apply and Plaintiff's assertion of a TCCWNA claim contravenes the purpose and legislative history of the statute.**

Two cases, *Dugan v. TGI Friday's, Inc.*, Nos. A-92, A-93, 077567, 077556, 2017 N.J. LEXIS 975 (Oct. 4, 2017) and *Cannon v. Ashburn Corp.*, No. 16-1452 (RMB/AMD), 2016 WL 7130913, at *11 (D.N.J. Dec. 7, 2016), demonstrate why Plaintiff's attempt to assert a TCCWNA is improper and should be rejected.

a. ***Dugan v. TGI Friday's[3]***

The New Jersey Supreme Court recently provided helpful guidance on the applicability of the TCCWNA and declined to expand the applicability of the statute to circumstances that fall outside of the traditional types of "clearly established legal right[s]" contemplated by the statute's legislative history.  In *Dugan*, plaintiffs alleged that "the defendant operators of New Jersey restaurants engaged in unlawful practices with respect to the disclosure of prices charged to customers for alcoholic and non-alcoholic beverages," in violation of the NJCFA and the TCCWNA.  *Id.* at *1.  The plaintiffs premised their TCCWNA claim "on the allegation that TGIF violated a 'clearly established legal right of a consumer or responsibility of a seller' by offering beverages for sale 'without notifying the consumer of the total selling price at the point of purchase.'"  *Id.* at *7, citing N.J.S.A. §§ 56:12-15, 56:8-2.5.  Plaintiffs sought damages, civil penalties, and other relief under the TCCWNA.  *Id.*

In the course of analyzing issues relating to the lower courts' class certification decisions, the New Jersey Supreme Court provided guidance on what it means to violate a "clearly established legal right" under TCCWNA.  *Id.* at *60.  The Supreme Court explained that "even if a menu lacking beverage prices were to constitute a 'contract,' 'warranty,' 'notice' or 'sign'

---

[3] In the related case, *Munning v. The Gap, Inc., et al.*, Case No. 3:16-cv-03804, Judge Henderson previously found that Plaintiff Munning pleaded a TCCWNA claim based on her adequately pleading a claim under the NJCFA.  *See Munning* Dkt. 56 at p. 8.  The seminal case cited by Judge Henderson in support of this proposition is the New Jersey Court of Appeal decision in *Dugan v. TGI Friday's, Inc.*, No. L-0126-10, 2011 N.J. Super. Unpub. LEXIS 2649, 2011 WL 5041391, at *8 (N.J. Super. Ct. App. Div. Oct. 25, 2011).  The *Dugan* case decided by the New Jersey Supreme Court and discussed herein was decided after Judge Henderson's ruling and provides further guidance on the applicability of the TCCWNA under the circumstances alleged by Plaintiff.

1   within the meaning of TCCWNA, it is *far from clear* that the statute was intended to apply as

2   plaintiffs contend that it should." *Id.* (emphasis added).  The Supreme Court observed that the

3   practice of offering food and beverages on menus without listing prices was a common practice

4   by businesses in New Jersey, and expressed its concern that, notwithstanding that the practice

5   violated a statutory provision contained in New Jersey consumer protection laws, if "the thirteen

6   to fourteen million restaurant visits by a member of the plaintiff class gave rise to a TCCWNA

7   violation warranting a civil penalty of $100, TGIF would be liable for penalties amounting to

8   more than a billion  dollars." *Id.* at *63.  The Supreme Court went on to explain:

9       Nothing in the legislative history of the TCCWNA, which focuses on sellers' inclusion of

10      legally invalid or unenforceable provisions in consumer contracts, suggests that when the

11      Legislature enacted the statute, it intended to impose billion-dollar penalties on restaurants

12      that serve unpriced food and beverages to customers.  *See* Sponsor's Statement to A.

13      1660, *supra* (noting legislative objective to deter sellers from including unlawful

14      provisions in contracts, warranties, notices, and signs).

15  *Id.; see also McGarvey v. Penske Auto Grp., Inc.*, 486 F. App'x 276, 280 n. 5 (3d Cir. 2012)

16  (listing examples of the types of clearly established legal rights that violate the TCCWNA, such

17  as including a provision stating that a seller is not responsible for any damages caused to a

18  consumer, even when such damages are the result of the seller's negligence, or that a lessor has

19  the right to cancel the consumer contract without cause and to repossess its rental equipment from

20  the consumer's premises without liability for trespass), citing Statement, Bill No. A1660, 1981

21  N.J. Laws, Chapter 454, Assembly No. 1660, pp. 2–3.

22              **b.    *Cannon v. Ashburn***

23      Likewise, *Cannon,* 2016 WL 7130913, is instructive as to why Plaintiff cannot assert a

24  TCCWNA claim.  In *Cannon,* Plaintiffs alleged that defendants advertised false original prices

25  and false discounts for wines sold on their website in order to induce consumers to purchase

26  certain wines.  *Id.* at *1.  "[I]n Plaintiffs' view, the original prices listed and the purported

27  percentage discounts for these wines are false or fabricated, as 'there is, in reality, no 'Original

28  Price' because there can be, a fortiori, no discount from a non-existent original price.'"  *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

14

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

1    (internal citation omitted).  Plaintiffs also alleged that defendants advertised "Original Price" was

2    much higher than the true and real "Original Price" of the bottle of wine.  *Id.* at *2.

3          The court held that the TCCWNA did not apply to the circumstances alleged by plaintiffs.

4    *Id.* at *11.  According to the legislative history of TCCWNA, "the provisions prohibited by the

5    TCCWNA are those that explicitly contravene established law."  *Id.* at *2.  The court emphasized

6    that "[t]he statutory language and history make clear that, through the TCCWNA, the legislature

7    sought to regulate the actual terms and provisions included in consumer contracts, rather than the

8    conduct of parties, which is already governed by other laws, such as the NJCFA or state contract

9    law."  In dismissing the TCCWNA claim, the court reasoned that "[t]he inclusion of an original

10   price in the contract does not, by that contract's own terms, violate any clearly established legal

11   rights."  *Id.* at *11.  Accordingly, the court granted defendants' motion to dismiss plaintiffs'

12   TCCWNA claim.

                        c.    ***Dugan* and *Cannon* are directly on point and support dismissal
13

14                            of Plaintiff's TCCWNA claim.**

15         Plaintiff's TCCWNA claim is precisely the type of unprecedented assertion of the statute

16   that the New Jersey Supreme Court rejected as contravening the legislative intent and purpose of

17   the statute.  Plaintiff's purported "legal right" is decidedly different from the types of rights

18   TCCWNA is intended to vindicate: invalid and unenforceable terms and provisions included in

19   consumer contracts.  Plaintiff's TCCWNA claim has nothing to do with a "clearly established

20   legal right" relating to terms of a consumer contracts, and Plaintiff does not plausibly allege

21   otherwise.  As explained in *Cannon*, Gap's conduct is already regulated by the NJCFA, which

22   Plaintiff already asserts in his Complaint.

23         Moreover, the potential exposure liability here is similar to the problematic level of

24   exposure the New Jersey Supreme Court in *Dugan* cautioned against.  It is "far from clear" that

25   the TCCWNA was supposed to operate in a way that created massive liability exposure arising

26   from the $100 per violation penalty.  Thus, Plaintiff's individual and class TCCWNA claims

27   should be dismissed.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

15

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

### C.    Plaintiff's FDUTPA Claim Should Be Dismissed.

Plaintiff's FDUTPA claim is based on his purported damages based on the disappointment he allegedly suffered because he did not receive the discount he thought he was getting, overpayment for his items, or their purchase altogether, which he claims he would not have done absent the "fake" discount.  Compl. ¶¶ 169, 198.  Such allegations are insufficient to plead a FDUTPA claim.

To recover under the FDUTPA, Fla. Stat. § 501.201 *et seq.*, "a party must allege (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages."  *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1355 (S.D. Fla. 2012).  Under Florida law, "actual damages" are measured by "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties."  *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006).

*Belcastro*, 2017 WL 744596, dismissed with prejudice at 2017 WL 5991782, is instructive.  There, plaintiff alleged a claim under the FDUTPA based on the defendant's alleged practice of using reference pricing at its outlet stores.  *Id.* at *1.  Plaintiff alleged that the reference prices were "fictional creations designed by" the defendant "to portray false price reductions" and that the defendant never sold the items at the reference prices.  *Id.* (internal citation omitted).  Plaintiff claimed he was "deceived by the false price comparison into making a full retail purchase with no discount" and that he would not have paid as much as he did, or would not have made the purchase at all, "had [he] known he was not truly receiving a bargain, or receiving a discount, as specified."  *Id.* (internal citation omitted).  Recognizing that FDUTPA requires pleading "actual damages," the court rejected plaintiff's injury theory, because Florida law does not "recognize any injury based solely on allegations that the plaintiff subjectively believed that he was getting a better bargain than turned out to be true."  *Id.* at *3.  The court noted that, at most, plaintiff "paid more than he was subjectively willing to pay" but that "is not the same as factual allegations that Burberry uses deceptive reference prices to charge consumers a higher price for the same merchandise."  *Id.* at *5.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

16

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG

1    Here, Plaintiff alleges the same type harm that the *Belcastro* court and other courts

2  analyzing FDUTPA claims have held is not cognizable under Florida law.  *See, e.g., Irvine v.*

3  *Kate Spade & Co.*, No. 16-CV-7300 (JMF), 2017 U.S. Dist. LEXIS 164165, at *11 (S.D.N.Y.

4  Sep. 28, 2017) (rejecting "actual damages" theory because "it is not sufficient for a plaintiff

5  merely to plead that she would not have purchased a product but for a deceptive practice"); *see*

6  *also City First Mortg. Corp. v. Barton,* 988 So. 2d 82, 86 (Fla. 4th DCA 2008) ("FDUTPA does

7  not provide for the recovery of nominal damages, speculative losses, or compensation for

8  subjective feelings of disappointment") (internal citation omitted).  Accordingly, Plaintiff's

9  individual and class FDUTPA claims should be dismissed.

10  **V.    CONCLUSION**

11    For the foregoing reasons, Gap requests this Court dismiss Plaintiff's individual CLRA,

12  TCCWNA, and FDUTPA claims; the nationwide class CLRA claim; the New Jersey sub-class

13  TCCWNA claim; and the Florida sub-class FDUTPA claim.

14

15  Dated:    December 6, 2017        MORGAN, LEWIS & BOCKIUS LLP

16

17                By   */s/ Esther K. Ro*
                        Joseph Duffy
18                      Esther K. Ro
                        Attorneys for Defendants
19                      THE GAP, INC., GAP (APPAREL) LLC, GAP
                        INTERNATIONAL SALES, INC., BANANA
20                      REPUBLIC LLC, and BANANA REPUBLIC
                        (APPAREL) LLC
21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 32330435.3

17

MEMORANDUM ISO MOTION TO
DISMISS COMPLAINT 4:17-CV-05905-HSG