MORGAN, LEWIS & BOCKIUS LLP
Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
Esther K. Ro, Bar No. 252203
esther.ro@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

Attorneys for Defendants
THE GAP, INC.; GAP (APPAREL) LLC; GAP
INTERNATIONAL SALES, INC.; BANANA
REPUBLIC, LLC; and BANANA REPUBLIC
(APPAREL) LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PALLAGROSI, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THE GAP, INC.; GAP (APPAREL) LLC; GAP INTERNATIONAL SALES, INC.; BANANA REPUBLIC, LLC; and BANANA REPUBLIC (APPAREL) LLC, <br><br> Defendants. | Case No. 4:17-cv-05905-HSG <br><br> **REPLY BRIEF IN SUPPORT OF DEFENDANTS THE GAP, INC., GAP (APPAREL) LLC, GAP INTERNATIONAL SALES, INC., BANANA REPUBLIC LLC, AND BANANA REPUBLIC (APPAREL) LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT** <br><br> Date:    March 1, 2018 <br> Time:    2:00 p.m. <br><br> Judge:   Hon. Haywood S. Gilliam, Jr. <br> Ctrm.:   2 – 4th Floor <br><br> Complaint Filed:    October 13, 2017 |

1

**TABLE OF CONTENTS**

2
                                                                                                    **Page**

3    I.     INTRODUCTION ............................................................................................................. 1

4    II.    PLAINTIFF FAILS TO PLEAD A CLAIM UNDER THE CLRA .................................. 2

5    III.   PLAINTIFF FAILS TO PLEAD A CLAIM UNDER THE TCCWNA.......................... 5

6    IV.    PLAINTIFF FAILS TO PLEAD A CLAIM UNDER THE FDUTPA............................. 8

7    V.     CONCLUSION ................................................................................................................. 9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Belcastro v. Burberry, Ltd.*,
No. 16-CV-1080 (VEC), 2017 WL 744596 (S.D.N.Y. Feb. 23, 2017) ...................................2, 9

*Cannon v. Ashburn*,
No. 16-1452, 2016 WL 7130913 (D.N.J. Dec. 7, 2016) ............................................................7

*Castro v. Sovran Self Storage, Inc.*,
114 F. Supp. 3d 204 (D.N.J. 2015) ........................................................................................8

*Cover v. Windsor Surry Company*,
No. 14-CV-05262-WHO, 2016 WL 520991 (N.D. Cal. Feb. 10, 2016)...................................4

*Doty v. Bayview Financial L.P.*,
No. 08-4090 (JEI), 2009 WL 4757569 (D.N.J. Dec. 4, 2009) .................................................8

*Dugan v. TGI Friday's, Inc.*,
231 N.J. 24 (2017)...............................................................................................................5, 6

*Frenzel v. AliphCom*,
76 F. Supp. 3d 999 (N.D. Cal. 2014) ......................................................................................3

*Frezza v. Google Inc.*,
No. 12–cv–00237–RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22, 2013)................................3

*FTC v. Garvey*,
383 F.3d 891 (9th Cir. 2004).................................................................................................7

*Granfield v. NVIDIA Corp.*,
No. 11–cv–05403–JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012)......................................3

*Keilholtz v. Lennox Hearth Products, Inc.*,
268 F.R.D. 330 (N.D. Cal. 2010) ..........................................................................................4

*Littlehale v. Hain Celestial Grp., Inc.*,
No. 11–cv–06342–PJH, 2012 WL 5458400 (N.D. Cal. July 2, 2012)......................................3

*McGarvey v. Penske Auto Grp., Inc.*,
486 F. App'x 276 (3d Cir. 2012).........................................................................................5, 6

*Mladenov v. Wegmans Food Markets, Inc.*,
124 F. Supp. 3d 360 (D.N.J. 2015) ........................................................................................7

*Morcom v. LG Elecs. USA, Inc.*,
No. 16-cv-4833, 2017 U.S. Dist. LEXIS 198935 (D.N.J. Nov. 30, 2017) ...............................6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

*Posey v. NJR Clean Energy Ventures Corp.*,
    No. 14-6833 (FLW)(TJB), 2015 U.S. Dist. LEXIS 146688 (D.N.J. Oct. 29,
    2015) ..........................................................................................................................8

*Rollins, Inc. v. Butland*,
    951 So. 2d 860 (Fla. Dist. Ct. App. 2006) ...............................................................8

*Watkins v. DineEquity, Inc.*,
    591 F. App'x 132 (3d Cir. 2014)...............................................................................5

*Whitaker v. Tandy Corp.*,
    No. C-97-00803-VRW, 1997 U.S. Dist. LEXIS 17085 – 5 (N.D. Cal. Oct. 31,
    1997) ..........................................................................................................................7

**STATUTES**

15 U.S.C. § 1640 ..................................................................................................................8

California Consumer Legal Remedies Act ................................................................. passim

Florida Deceptive and Unfair Trade Practices Act ............................................1, 2, 8, 9

Food, Drug & Cosmetic Act ...............................................................................................7

Insurance Producer Licensing Act ......................................................................................8

New Jersey Consumer Fraud Act.....................................................................................2, 6

New Jersey Truth in Consumer Contract Warranty and Notice Act.........................1, 2, 5

Truth in Lending Act...........................................................................................................8

**RULES**

Fed. R. Civ. P. 9(b) .............................................................................................................1

Fed. R. Civ. P. 12(b)(6)......................................................................................................1

**REGULATIONS**

16 C.F.R. pt. 17 ...................................................................................................................7

16 C.F.R. § 2.2 ....................................................................................................................7

16 C.F.R. § 233.1 .............................................................................................................7, 8

**OTHER AUTHORITIES**

Statement, Bill No. A1660, 1981 N.J. Laws, Chapter 454, Assembly No. 1660 .............5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

1    Defendants The Gap, Inc., Gap (Apparel) LLC, Gap International Sales, Inc., Banana

2  Republic, LLC, and Banana Republic (Apparel) LLC ("Gap") respectfully submits this reply brief

3  in support of its Motion to Dismiss Plaintiff's Class Action Complaint pursuant to Federal Rules

4  of Civil Procedure 12(b)(6) and 9(b).

5  **I.    INTRODUCTION**

6    Plaintiff's opposition to Gap's motion to dismiss raises no reason why Plaintiff's claims

7  under the California Consumer Legal Remedies Act ("CLRA"), the New Jersey Truth in

8  Consumer Contract Warranty and Notice Act ("TWCCNA"), and the Florida Deceptive Unfair

9  Trade and Practices Act ("FDUTPA") should not be dismissed.

10    Plaintiff attempts to obfuscate the questions presently before this Court by repeating and

11  relying on his conclusory allegations that Gap advertises false discounts at its Factory Stores.

12  Plaintiff's bare-bone allegations are insufficient under Rules 12(b)(6) and 9(b).  Gap also raises

13  state-specific arguments as to why Plaintiff cannot plead claims under the CLRA, the TCCWNA,

14  and the FDUTPA.

15    *First*, Plaintiff's CLRA claim should be dismissed because the CLRA does not apply

16  extraterritorially.  Plaintiff is a New Jersey resident who made his purchases at Banana Republic

17  factory stores located in New Jersey and Florida.  Plaintiff's generic allegations that the allegedly

18  wrongful pricing decisions were made in California are not enough.  Moreover, even if the CLRA

19  could be applied extraterritorially in this case, California's choice of law analysis dictates that

20  Plaintiff's claims should be governed by New Jersey and/or Florida law, not California law.

21  Plaintiff's only response is that the choice of law analysis is premature at this stage.  As set forth

22  below, when the pleading sets forth the facts regarding a plaintiff's residency and where the

23  transactions took place – and both of these locales are outside of California – a choice of analysis

24  at the pleading stage is appropriate.  Notably, Plaintiff substantively does not oppose that material

25  differences exist among the state laws at issue, and that New Jersey and Florida would be more

26  impaired, should their laws be set aside for California law.

27    *Second,* Plaintiff's TCCWNA claim should be dismissed because the TCCWNA does not

28  apply to the circumstances alleged by Plaintiff and Plaintiff has not pleaded a "clearly established

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

legal right" that has been violated.  Plaintiff argues that the TCCWNA is applicable because he has pleaded a claim under the New Jersey Consumer Fraud Act.  But, as the New Jersey Supreme Court recently cautioned, courts should be wary of attempts to expand the TCCWNA's application to instances where it is unclear what "clearly established legal right" has been violated and where applying the TCCWNA would result in attaching massive civil liability to common business practices in ways not contemplated by the New Jersey Legislature – precisely what Plaintiff is trying to do here.

*Third*, Plaintiff's FDUTPA claim should be dismissed because he fails to plausibly plead an "actual injury," as required by the statute.  Plaintiff's allegation that he did not receive the bargain he believed he was getting, or that he would not have purchased the items at all, is insufficient as a matter of law because the FDUTPA does not recognize a consumer's subjective disappointment at not receiving a promised bargain as a cognizable injury.  Plaintiff's argument that his conclusory allegations are sufficient to allege an "actual injury" is unavailing — the crux of his complaint is that he is subjectively disappointed to have not received what he believed was a promised bargain.  Notably, Plaintiff does not address *Belcastro v. Burberry, Ltd.,* No. 16-CV-1080 (VEC), 2017 WL 744596 (S.D.N.Y. Feb. 23, 2017)*,* which contains the same allegations as Plaintiff makes here, and which dismissed a FDUTPA claim for failing to allege an "actual injury."

Accordingly, because Plaintiff cannot pursue claims under the CLRA, the TCCWNA, and the FDUTPA, his individual and class claims under these consumer protection statutes should be dismissed.

## II.   PLAINTIFF FAILS TO PLEAD A CLAIM UNDER THE CLRA

Plaintiff, a New Jersey resident who made his purchases in Banana Republic factory stores located in New Jersey and Florida, cannot maintain an individual or class claim under the California CLRA.  *See* Mot. at 5:10-12.  As set forth in Gap's motion, California law constitutionally cannot be extended to apply to Plaintiff because he is a not a California resident, and he viewed and relied on the allegedly false advertising outside of California; his conclusory allegations that all decisions about "policies and procedures" were made in California are

REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

1    unsupported by any specific facts. *See id.* at 5:16-6:27. Even if the CLRA could be extended

2    extraterritorially in this case, California's governmental interest test concludes that New Jersey or

3    Florida law should apply to Plaintiff's claims because there are material differences among the

4    state laws, and New Jersey and Florida would be more impaired if California law supplanted

5    those states' consumer protection laws. *See id.* at 7:1-12:1.

6        Plaintiff's only rejoinder is that a choice of law analysis is premature at this time. *See*

7    Opp. at 18-20. It is appropriate, however, to conduct the choice of law analysis prior to the class

8    certification stage where it is unlikely that discovery will uncover information relevant to whether

9    the plaintiff may maintain a national class action asserting claims under California law. *See*

10   *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1008 (N.D. Cal. 2014). Plaintiff also cites *Frenzel* in

11   asserting that the choice of law analysis requires a more developed factual record than is

12   generally available on a motion to dismiss. *See* Opp. at 19; *see also Frenzel*, 76 F. Supp. 3d at

13   1007. In *Frenzel,* however, the court found that when the named plaintiff is a nonresident who

14   did not purchase the defendant's products in the state of California, there is further support for

15   applying the choice of law analysis at the pleading stage. *See Frenzel*, 76 F. Supp. 3d at 1007.

16   *Frenzel* also references multiple California cases in which courts dismissed CLRA, UCL and

17   FAL claims asserted by named plaintiffs who did not purchase a defendant's products in

18   California. *Id*. at 1007, citing *Frezza v. Google Inc.*, No. 12–cv–00237–RMW, 2013 WL

19   1736788, at *5–6 (N.D. Cal. Apr. 22, 2013); *Granfield v. NVIDIA Corp.*, No. 11–cv–05403–JW,

20   2012 WL 2847575, at *3 (N.D. Cal. July 11, 2012); *Littlehale v. Hain Celestial Grp., Inc.*, No.

21   11–cv–06342–PJH, 2012 WL 5458400, at *1–2 (N.D. Cal. July 2, 2012). Indeed, Plaintiff does

22   not explain what additional facts may be adduced through discovery that would affect the choice

23   of law analysis.

24       Moreover, Plaintiff does not substantively oppose Gap's application of the governmental

25   interest test. Plaintiff does not contest that there are (1) material differences among California,

26   New Jersey, and Florida laws; (2) that these difference give rise to actual conflicts among these

27   state laws; and (3) New Jersey and Florida would be more impaired than California if their

28   consumer protection laws are supplanted by California law. *Cf.* Opp. at 19:23-20:6, citing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

1    *Keilholtz v. Lennox Hearth Products, Inc.,* 268 F.R.D. 330 (N.D. Cal. 2010) (distinguishable

2    because the defendant failed to demonstrate material differences and conflicts among state laws).

3    Gap has demonstrated that there are material and conflicting differences among California, New

4    Jersey, and Florida laws as to the requirements of scienter and reliance, the available remedies

5    (including what injury must have been suffered in order to allege a claim under the different

6    states' consumer protection laws), and the substantial differences among the "former price

7    statutes" for each state. *See* Mot. at 7-9.

8        The circumstances here are similar to those addressed in *Cover v. Windsor Surry*

9    *Company*, No. 14-CV-05262-WHO, 2016 WL 520991 (N.D. Cal. Feb. 10, 2016). In *Cover*, a

10    nonresident plaintiff attempted to bring a class action against a housing trim company

11    headquartered in California, alleging violations of California's consumer protection laws. *Id.* at

12    *1-3. In an effort to apply California law to its claims, the plaintiff argued that the "emanation

13    doctrine" governed choice of law analysis. *Id.* at 7. Specifically, the plaintiff asserted that

14    California had a compelling interest in applying its law because (1) the defendant's marketing

15    materials and warranty emanated from California, (2) the defendant was headquartered in

16    California, and (3) the defendant designed its products in California. *Id.* Because the plaintiff

17    was a resident of Rhode Island and the product marketing and product purchase occurred in

18    Rhode Island, the court found that identifying these transactions as the events that triggered

19    liability was consistent with the analysis in *Mazza*. *Id.* at *7-8. The court held that Rhode Island

20    law applied to the plaintiff's claims and dismissed the California consumer protection claims. *Id.*

21    at *1. Additionally, the court found that discovery would not uncover information relevant to

22    whether the plaintiff may personally maintain claims under California law because the plaintiff's

23    residency and the location of the pertinent details regarding his claims were known. *Id.* at *5.

24        Like *Cover,* Plaintiff's complaint alleges the pertinent facts relating to his residency (New

25    Jersey) and the locations of his purchases (New Jersey and Florida). Also, like *Cover,* Plaintiff's

26    allegations that Gap's wrongdoing emanates from California is insufficient to plead that

27    California law applies to his claims. Moreover, Plaintiff does not contest the existence of

28    material differences among California, New Jersey, and Florida laws, that these laws are in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

1    conflict, and that New Jersey and Florida would be more impaired if California law were to apply

2    to Plaintiff's claims.  Because further development of the factual record is not reasonably likely to

3    impact the choice of law determination, this Court may decide the choice of law question at this

4    stage of the litigation.  Plaintiff's individual and class CLRA claims should be dismissed.

5    **III.    PLAINTIFF FAILS TO PLEAD A CLAIM UNDER THE TCCWNA**

6         As set forth in Gap's motion, the purpose of the TCCWNA is to protect consumers against

7    contracts, signs, and notices that include provisions that violate a "clearly established legal right"

8    of a consumer or responsibility of a seller.  *See* Mot. at 12:16-25, citing *Watkins v. DineEquity,*

9    *Inc.,* 591 F. App'x 132, 135 (3d Cir. 2014).  The TCCWNA does not independently establish

10   consumer rights or seller responsibilities; instead, the rights and responsibilities to be enforced by

11   the TCCWNA are drawn from other legislation.  *See id.*  The New Jersey Supreme Court recently

12   cautioned against expanding TCCWNA in ways contrary to its legislative intent, explaining that

13   "***even if*** a menu lacking beverage prices were to constitute a 'contract,' 'warranty,' 'notice' or

14   'sign' within the meaning of TCCWNA, it is ***far from clear*** that the statute was intended to apply

15   as plaintiffs contend that it should."  *Dugan v. TGI Friday's, Inc.,* 231 N.J. 24, 74 (2017) (in the

16   context of analyzing the lower courts' class certification decisions based on allegations that the

17   defendant violated the TCCWNA because it violated a "'clearly established legal right of a

18   consumer or responsibility of a seller' by offering beverages for sale, without notifying the

19   consumer of the total selling price at the point of purchase'").  The New Jersey Supreme Court

20   also cautioned against applying the TCCWNA in a way that resulted in massive penalties for

21   common business practices.  *See id.* at 74; *see also* Mot. at 14:15-21, citing authority describing

22   the traditional types of "clearly established legal rights" protected by the TCCWNA; *see also*

23   *McGarvey v. Penske Auto Grp., Inc.,* 486 F. App'x 276, 280 n. 5 (3d Cir. 2012) (listing examples

24   of the types of clearly established legal rights that violate the TCCWNA, such as including a

25   provision stating that a seller is not responsible for any damages caused to a consumer, even when

26   such damages are the result of the seller's negligence, or that a lessor has the right to cancel the

27   consumer contract without cause and to repossess its rental equipment from the consumer's

28   premises without liability for trespass), citing Statement, Bill No. A1660, 1981 N.J. Laws,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5                                                    REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

1   Chapter 454, Assembly No. 1660, pp. 2–3.

2          Plaintiff raises three, unavailing arguments in opposition.  *First*, Plaintiff argues that the

3   TCCWNA covers situations where a defendant "displays any written notice, or sign" and that this

4   case involves a sign in the form of a display stating a percentage discount, *e.g.,* "40% OFF."  But,

5   as the New Jersey Supreme Court recently observed, even if a sign is within the meaning of the

6   TCCWNA, that may not automatically mean the TCCWNA applies to that sign.  *See Dugan,* 231

7   N.J. at 74.  Here, even if the percentage discount display is a sign under the TCCWNA, the

8   TCCWNA does not apply to the type of information on the sign because that information is far

9   from the types of traditionally, "clearly established right" that the legislature intended to protect

10  under the statute.  *See* Mot. at 15:17-21; *see, supra,* at 6-8.

11         *Second*, although a New Jersey Consumer Fraud Act ("NJCFA") claim may serve as a

12  predicate violation for a TCCWNA claim, that is not true in each case and notably not true in the

13  present matter.  To be clear, just because a plaintiff has pleaded an NJCFA claim, that plaintiff

14  does not necessarily have a TVCWNA claim.  As the New Jersey Supreme Court in *Dugan*

15  recently cautioned, courts should be wary of improperly expanding the scope of TCCWNA to

16  situations that the New Jersey legislature did not intend to cover with the statute.  *See Dugan*, 231

17  N.J. 24, 74 (alleging claims under the NJCFA and the TCCWNA).  Plaintiff's reliance on the

18  *Munning* decision, and the decision in *Morcom v. LG Elecs. USA, Inc.,* No. 16-cv-4833, 2017

19  U.S. Dist. LEXIS 198935, at *42-43 (D.N.J. Nov. 30, 2017) (*see* Opp. at 10:1-5) is unavailing

20  given that neither court analyzed the applicability of the TCCWNA to these types of situations.

21         Here, Plaintiff urges the application of TCCWNA in a context that deviates from the

22  legislative intent to protect a "clearly established legal right."  Unlike the inclusion of a provision

23  that violates a consumer's established legal right, *e.g.,* a provision stating that lessor has the right

24  to cancel a contract without cause, here, the signage in question simply states a percentage

25  discount, *e.g.,* "40% OFF."  *See, e.g., McGarvey,* 486 F. App'x at 280 n. 5 (summarizing

26  TCCWNA's legislative history regarding several examples of the types of provisions that the

27  legislature believed violated clearly established rights).  It is unclear, and Plaintiff does not

28  explain, how the signage itself violates a "clearly established legal right," like those contemplated

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

1    by the legislature.

2          Moreover, Plaintiff does not meaningfully distinguish *Cannon v. Ashburn,* No. 16-1452

3    (RMB/AMD), 2016 WL 7130913 (D.N.J. Dec. 7, 2016), which supports dismissing Plaintiff's

4    TCCWNA claim.  *See* Opp. at 15:9-24.  Plaintiff mischaracterizes that case as being based on the

5    "omi[ssion of] certain information from the label of wine purchased by consumers," and, thus,

6    inapplicable to the instant case.  *Id.*  Contrary to Plaintiff's mischaracterization, *Cannon,* like

7    Plaintiff's case, is predicated on the allegation that the defendants "advertise false original prices

8    and false discounts for wines sold on the WTSO.com website in order to induce consumers to

9    purchase certain wines" and that "Defendants misrepresented the existence, nature and amount of

10   price discounts to consumers on the WTSO.com website by purporting to offer specific

11   percentage discounts from expressly referenced but false former original prices for the wine

12   products at issue." *Cannon,* 2016 WL 7130913, at *1 (internal quotations omitted).  Based on

13   these allegations, *Cannon* found that the "inclusion of an original price in the contract" does not

14   violate any clearly established legal rights.  *Id.* at *11.

15         *Third*, Plaintiff argues that the display stating a percentage discount violated his "clearly

16   established rights under [] federal law;" namely, his rights under 16 C.F.R. § 233.1.  Opp. at

17   11:18-27.  16 C.F.R. § 233.1 is an administrative interpretation provided by the Federal Trade

18   Commission ("FTC") regarding Guides Against Deceptive Pricing.[1]  16 C.F.R. § 233.1 cannot

19   serve as a basis for Plaintiff's TCCWNA claim because no private right of action exists under the

20   FTC and, thus, any purported violation of the FTC Guidelines cannot serve as a basis for

21   Plaintiff's TCCWNA claim.  *See Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360,

22   380–81 (D.N.J. 2015) (dismissing TCCWNA claim brought for violation of the Food, Drug &

---

23   [1] Notably, the FTC Guides do not amount to enforceable law.  Rather, the FTC's "[i]ndustry

24   guides are ***administrative interpretations*** of laws administered by the Commission for the
     guidance of the public in conducting its affairs in conformity with legal requirements." 16 C.F.R.

25   Part 17 (emphasis added). While industry guides may be "entitle[d] [] to respect," the "FTC
     acknowledges that the Guides lack the force of law."  *FTC v. Garvey*, 383 F.3d 891, 903 (9th Cir.

26   2004) (in the context of FTC Guides governing environmental marketing). Further, any violation
     of provisions in Chapter 16 of the C.F.R. is actionable by the FTC and not by individuals. *See*

27   *Whitaker v. Tandy Corp.*, No. C-97-00803-VRW, 1997 U.S. Dist. LEXIS 17085, *4 – 5 (N.D.
     Cal. Oct. 31, 1997); *see also* 16 C.F.R. § 2.2.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

1    Cosmetic Act, which does not provide for private right of action); *see also Castro v. Sovran Self*

2    *Storage, Inc.*, 114 F. Supp. 3d 204, 217–20 (D.N.J. 2015) (dismissing TCCWNA claim brought

3    for violation of the Insurance Producer Licensing Act, which does not provide for private right of

4    action); *see also Doty v. Bayview Financial L.P.,* No. 08-4090 (JEI), 2009 WL 4757569, at *1 n.

5    3 (D.N.J. Dec. 4, 2009) (applying same concept).

6         Plaintiff's reliance on *Posey v. NJR Clean Energy Ventures Corp.,* No. 14-6833

7    (FLW)(TJB), 2015 U.S. Dist. LEXIS 146688, at *26 (D.N.J. Oct. 29, 2015), is unavailing.  The

8    defendant in *Posey* did not argue that a TCCWNA claim cannot be predicated on a federal

9    regulation that does not contain a private right of action – the argument raised by Gap here and

10   supported by ample authority.  Thus, *Posey* did not reach a conclusion on the specific question

11   pertinent here.  Further, *Posey* is distinguishable because the federal regulation at issue – the

12   Consumer Leasing Act and its implementing regulation, Regulation M – is promulgated under the

13   Truth in Lending Act, which *does* include a private right of action.  *See* 15 U.S.C. § 1640.  Thus,

14   Plaintiff cannot predicate his TCCWNA claim on 16 C.F.R. § 233.1.

15        Accordingly, Plaintiff's individual and class TCCWNA claims should be dismissed.

16   **IV.    PLAINTIFF FAILS TO PLEAD A CLAIM UNDER THE FDUTPA**

17        The FDUTPA only allows for the recovery of "actual damages," which is measured by

18   "the difference in the market value of the product or service in the condition in which it was

19   delivered and its market value in the condition in which it should have been delivered . . . ."  Mot.

20   at 16:7-13, citing *Rollins, Inc. v. Butland,* 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006) (holding

21   that a plaintiff who experienced no actual loss does not have a claim for damages under

22   FDUTPA).

23        The crux of Plaintiff's complaint is that Gap engages in false advertising because it

24   "create[s] the false impression that a consumer is getting a reduced, bargain price[,]" when,

25   according to Plaintiff, the consumer is not receiving a bargain because the "former price [] is

26   entirely fictitious."  Opp. at 1:4-6.  Plaintiff alleges he paid $12.49 for "AIDEN CAMO" pants,

27   which he thought had a "market value" of $24.99.  *See* Compl. at ¶ 191.  Plaintiff claims that "the

28   pants were not worth $24.99 and their market value was no higher than the $12.49 for which

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

1     Defendants routinely sold this item." *Id.* Significantly, Plaintiff does not allege that the pants he

2     purchased were worth less than what he paid. In other words, Plaintiff received pants that had a

3     "market value" equal to what he paid. At most, Plaintiff is subjectively disappointed that he did

4     not receive a bargain.

5         This is exactly the type of injury rejected under Florida law in *Belcastro v. Burberry Ltd.,*

6     No. 16-CV-1080 (VEC), 2017 WL 744596 (S.D.N.Y. Feb. 23, 2017). *See* Mot. at 16:14-28.

7     Tellingly, Plaintiff does not address *Belcastro* in his opposition. *See* Opp. At 16:3-18:2. In

8     *Belcastro,* the plaintiff alleged that he was "deceived by the false price comparison into making a

9     full retail purchase with no discount." *Id.* at *1. The court rejected the plaintiff's injury theory

10    under the FDUTPA because Florida law does not "recognize any injury based solely on

11    allegations that the plaintiff subjectively believed he was getting a better bargain that turned out

12    to be true." *Id.* at *3. Although the plaintiff may have "paid more than he was subjectively

13    willing to pay" that "is not the same as factual allegations that Burberry uses deceptive reference

14    prices to charge consumers a higher price for the same merchandise." *Id.* at *5.

15         Likewise, here, Plaintiff does not allege that he paid a higher price for the pants he

16    purchased due to Gap's alleged practices. Plaintiff alleges in conclusory fashion that the market

17    value was less than what Gap purportedly promised, but Plaintiff's acknowledgment that the

18    pants he purchased were worth what he paid is fatal to any claim of "actual damages" under

19    Florida law. Plaintiff has, at most, established his subjective disappointment that the pants he

20    purchased had a lower market value than he expected, but he has not suffered any "actual

21    damages" cognizable under Florida law. Thus, Plaintiff's individual and class FDUTPA claim

22    should be dismissed.

23 **V.     <u>CONCLUSION</u>**

24         For the foregoing reasons and the reasons set forth in Gap's motion, Gap requests this

25    Court dismiss Plaintiff's individual CLRA, TCCWNA, and FDUTPA claims; the nationwide

26    class CLRA claim; the New Jersey sub-class TCCWNA claim; and the Florida sub-class

27    FDUTPA claim.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

REPLY BRIEF ISO MOTION TO DISMISS
CLASS ACTION COMPLAINT

1

2

Dated:     January 31, 2018          MORGAN, LEWIS & BOCKIUS LLP

3

4                                    By   /s/ Esther K. Ro
                                         Joseph Duffy
5                                        Esther K. Ro
                                         Attorneys for Defendants
6                                        THE GAP, INC., GAP (APPAREL) LLC, GAP
                                         INTERNATIONAL SALES, INC., BANANA
7                                        REPUBLIC LLC, and BANANA REPUBLIC
                                         (APPAREL) LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10                REPLY BRIEF ISO MOTION TO DISMISS
                        CLASS ACTION COMPLAINT